IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHRISTOPHER D. LANGLAIS, | ) ) ) | CASE NO.: _____ |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| LINCOLN SPORTS FOUNDATION, INC., | ) ) ) | **COMPLAINT** |
| Defendant. | ) ) | |

COMES NOW Plaintiff, Christopher D. Langlais, by and through his attorney of record, Corey L. Stull, and for his Complaint against Defendant, states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. At all times relevant to this proceeding, Plaintiff Christopher D. Langlais (hereinafter "Plaintiff") was a resident of Irwin, Westmoreland County, Pennsylvania and the accident described below occurred while Plaintiff was using the motocross track owned by Defendant, located at 8033 Arbor Road Lincoln, Nebraska 68517 (hereinafter the "Premises").

2. At all times relevant to this proceeding, Defendant, Lincoln Sports Foundation, Inc., was a corporation duly organized and existing under the laws of the State of Nebraska, with its principal place of business located at 7600 North 70th Street, PO Box 22378, Lincoln, Nebraska 68542. Defendant engages in the business of operating the Lincoln Sports Foundation Sports Complex within the State of Nebraska.

3. Jurisdiction is proper under Neb. Rev. Stat. § 25-536 and 28 U.S.C. § 1332 as the parties are citizens of different states and

there is more than $75,000 in controversy. This court has personal jurisdiction over Defendant as the claims arise out of and/or relate to Defendants activities in the state of Nebraska, including owning, maintaining, and/or controlling the premises where the injury occurred, and due to a specific incident that occurred in Nebraska causing substantial injuries to Plaintiff.

4. Venue is proper under Neb. Rev. Stat. § 25-403.01 and 28 U.S. Code § 1391 as the injuries and damages to Plaintiff arose from an incident and actions by Defendant that occurred in Lancaster County, Nebraska on June 8, 2021.

## GENERAL FACTUAL ALLEGATION

5. Plaintiff hereby incorporates the allegations contained in all the above paragraphs herein, by reference.

6. On or about June 8, 2021, Plaintiff was riding his motorbike, crossing between tracks located on the Premises, when Plaintiff's foot peg struck a piece of rebar that was partially buried in the ground.

7. The rebar was concealed and not visible to Plaintiff, making it impossible to avoid while on his motorbike but would have been visible to Defendant has a reasonable inspection been conducted.

8. The momentum of the bike forced the rebar upwards, causing it to impale Plaintiff's leg, travelling approximately one foot into his thigh.

9. As a result, Plaintiff sustained severe and permanent injuries, including injuries to his groin, thigh, abdomen, pelvis, leg, and knee in addition to severe muscle and soft tissue trauma, nerve damage, and infections.

10. These injuries required extensive medical care, surgeries, physical therapy, and rehabilitation, resulting in significant pain and suffering, and medical expenses.

11. Plaintiff sustained a slip and fall injury in January 2025 while recovering from the June 8, 2021 injuries as a result of the impairment from the June 2021 injuries.

12. The January 2025 slip and fall resulted in related and additional impairments, including a high-grade partial tear of the quadriceps tendon, a high-grade muscle strain, a mild tear of the medial collateral ligament, and a mild tear of the medial patellofemoral ligament.

13. Plaintiff's compromised strength, mobility, and balance due to the June 8, 2021, injuries contributed directly to the fall in 2025.

14. The January 2025 slip and fall and the resulting injuries were a foreseeable consequence of the original trauma inflicted by Defendant's negligence and failure to maintain safe premises.

15. The subsequent injuries have required extensive medical care, physical therapy, and rehabilitation, resulting in significant pain and suffering, and medical expenses.

## FIRST CAUSE OF ACTION: PREMISE LIABILITY

16. Plaintiff hereby incorporates the allegations contained in all above paragraphs herein, by reference.

17. Defendant owed Plaintiff a duty of reasonable care to inspect, maintain, and warn of dangerous conditions on the property.

18. The presence of a hidden, partially buried piece of rebar on the motocross track constituted a hazardous condition that posed a foreseeable and unreasonable risk of harm to individuals lawfully using the track.

19. Defendant either created the dangerous condition, knew of its existence, or should have discovered it through reasonable inspection and maintenance of the premises.

20. Defendant should have realized that the hazardous condition posed an unreasonable risk of harm to lawful visitors, including Plaintiff.

21. Defendant should have expected that lawful visitors, including Plaintiff, would not discover or realize the danger posed by the hidden piece of rebar or would fail to protect themselves against it.

22. Defendant was negligent in one or more of the following ways with respect to the property it owned and for which it was responsible:

    a. Failing to properly inspect its premises for dangerous conditions;

    b. Failing to maintain safe premises;

    c. Failing to maintain its motocross track and pathways between in a manner suitable for traffic of invitees;

    d. Failing to warn invitees and visitors of an inherently dangerous condition;

    e. Failing to remove, repair, or otherwise remediate the dangerous condition;

    f. Failing to restrict traffic away from or around the dangerous condition; and,

    g. Otherwise failing to exercise reasonable care as prescribed under Nebraska law.

23. Defendant was negligent in failing to use reasonable care to protect Plaintiff against the danger, despite knowing or having reason to know of the hazardous condition.

24. As a direct and proximate result of Defendant's negligence, Plaintiff suffered severe and disabling injuries to his body, including his groin, thigh, abdomen, pelvis, leg, and knee in addition to severe muscle and soft tissue trauma, nerve damage, and infections.

25. As a direct and proximate result of Defendant's negligence, Plaintiff incurred the following compensable damages, which include, but are not limited to:

    a. Medical expenses incurred to date of at least $145,106.97 and continuing to accrue;

    b. Future medical expenses of at least $49,157.00;

    c. Past and future physical pain and suffering;

    d. Past and future mental and emotional distress;

    e. Past and future physical impairment and disability;

    f. Past and future mental impairment and disability;

    g. Past and future loss of enjoyment of life; and,

    h. Past and future inconvenience.

WHEREFORE, Plaintiff prays for judgment against Defendant, Lincoln Sports Foundation, Inc., for special and general damages sustained in the subject incident as set forth above, together with costs and any additional relief the Court deems appropriate.

## JURY DEMAND

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL MATTERS RAISED IN THIS COMPLAINT.

DATED this 13th day of May, 2025.

        CHRISTOPHER D. LANGLAIS, Plaintiff

By:   ATWOOD, LAW, P.C., L.L.O.

By:   /s/ Corey L. Stull

       Corey L. Stull, #21336
       575 Fallbrook Boulevard #206
       Lincoln, Nebraska 68521
       (402) 476-4400
       (402) 476-4410 (f)
       cstull@atwoodlawyers.com